IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 23 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00200-BNB

JOE BROWN,

      Plaintiff,

v.

BUREAU OF PRISONS (Unicor East),
F.C.I. ENGLEWOOD,
MR. HENDRICKS, and
MR. SHORTNER,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Joe Brown, is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). He is incarcerated currently at the Federal Correctional Institution in Littleton, Colorado. Mr. Brown initiated this action by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Names Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) on January 26, 2011. Mr. Brown has been granted leave to proceed *in forma pauperis* and has paid an initial partial filing fee.

      The Court will construe the Complaint liberally because Mr. Brown is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has

reviewed the Complaint and has determined that it is deficient. Mr. Brown therefore will be directed to file an Amended Complaint for the reasons discussed below.

Mr. Brown alleges in the Complaint that Defendants Shortner and Hendricks terminated him from his prison job because he has a "disability in his right hand which slowed [him] down in using the tag gun." Complaint at 3. Mr. Brown asserts that Defendants Shortner and Hendricks promised he would receive another prisoner job as soon as one became available but that he has been without a prison job for over five months. Mr. Brown asserts four claims for relief pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.*, alleging that he was discriminated against on the basis of his disability. He also asserts a claim for relief pursuant to the Fifth and Fourteenth Amendments, alleging that he was denied equal protection of the laws when Defendants discriminated against him on the basis of his disability. Mr. Brown seeks reinstatement to his prison job, in addition to back pay and damages.

As a preliminary matter, Title II of the ADA is not applicable to the federal government, its agencies or employees. *See, e.g., Hurtado v. Reno*, 34 F.Supp.2d 1261 (D. Colo. 1999) (holding that detainee at a federal detention facility had no right of action under Title II of ADA because the federal detention facility did not fall within the ADA's definition of "public entity"); *see also Sarvis v. United States*, 234 F.3d 1262 (2nd. Cir. 2000) (holding that Title II of the ADA is not applicable to the federal government). Therefore, the Court will construe Mr. Brown's ADA claims as brought pursuant to the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, which provides that no qualified individual with a disability shall be excluded from participation in, denied benefits or, or be subjected to discrimination under any program or activity receiving

Federal financial assistance, or activity conducted by any Executive agency. 29 U.S.C. § 794(a).

Second, Mr. Brown's **Bivens** claim against the BOP and the F.C.I. Englewood is barred by sovereign immunity. A **Bivens** action may not be brought against federal agencies or agents acting in their official capacities. **Hatten v. White**, 275 F.3d 1208, 1210 (10th Cir. 2002) (citing **Federal Deposit Ins. Corp. v. Meyer**, 510 U.S. 471, 483-86 (1994)). Further, it appears that Mr. Brown's claims under the Rehabilitation Act against the BOP and the F.C.I. Englewood are also barred by sovereign immunity. **See Sarvis**, 2000 WL 1568230, at * 2 (affirming dismissal of prisoner's Rehabilitation Act claim against the Bureau of Prisons). Therefore, Mr. Brown may not sue the Bureau of Prisons and the F.C.I. Englewood in this action.

Finally, Mr. Brown is also directed that personal participation by the named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). **Id.** Mr. Brown must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for a constitutional violation that he or she has caused. **See Dodds v. Richardson**, 614 F.3d 1185, 1199 (10th Cir. 2010).

Further, in order to state a claim in federal court, Mr. Brown "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Brown may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Brown uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, Joe Brown, file **within thirty (30) days from the date of this order,** an Amended Complaint that complies with the directives in this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Brown, together with a copy of this order, two copies of the following form to be used in submitting the Amended Complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Brown fails to file an Amended Complaint that complies with this order to the Court's satisfaction within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED February 23, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00200-BNB

Joe Brown
Reg. No. 12046-030
FCI Englewood
9595 W Quincy Ave
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on February 23, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk