IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00200-PAB-MEH

JOE BROWN,

       Plaintiff,

v.

JACK CANTRELL, Director of Unicor, and
HARLEY LAPPIN, Director of the Bureau of Prisons,[1]

       Defendants.

---

## DEFENDANTS' MOTION TO DISMISS

---

Defendants, in their official capacities, by undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), move to dismiss the Amended Prisoner Complaint [Docket # 47] ("Complaint"). In support, Defendants state as follows:

Plaintiff, an inmate in the custody of the federal Bureau of Prisons ("BOP") asserts claims against BOP and UNICOR[2]. [Docket #47 § A ¶¶ 2 and 3]. It appears that Plaintiff is attempting to assert claims pursuant to the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*,

---

[1] The defendants named in the original complaint [Docket #1] were the Bureau of Prisons, Mr. Hendricks and Mr. Shortner. The Amended Complaint only names Jack Cantrell and Harley Lappin as defendants. Therefore, the caption should be amended.

[2] UNICOR is a statutorily created government corporation. 18 U.S.C. § 4121. Its mission is to provide work and training programs for federal inmates and it is organizationally within BOP. 28 C.F.R. § 345.11.

and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.* [Docket # 47 § B ¶ 2].[3] Plaintiff contends that he was fired from his UNICOR job at the Federal Correctional Institution in Englewood, Colorado prison because of a disability in his right hand that slowed his ability to perform his job. [Docket 47 § C]. Claims One and Two assert violations of the Rehabilitation Act and Claim Three asserts a violation of the ADA. [Docket 47 § D].

### A. Plaintiff has failed to exhaust all available administrative remedies

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires an inmate to exhaust such administrative remedies as are available prior to filing a law suit in court. *United States v. Wilson*, 503 U.S. 329, 335-36 (1992); *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1236-37 (10th Cir. 2005). The exhaustion requirement applies to all suits regarding prison life, whether they challenge general circumstances or particular episodes. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The administrative exhaustion requirement applies to Rehabilitation Act claims. *O'Guinn v. Lovelock Corr.*

---

[3] Although Plaintiff also checked the section of the court's complaint form indicating he was also asserting jurisdiction pursuant to 28 U.S.C. 1331 and the *Bivens* case, the Complaint does not allege any individual capacity constitutional claims against either defendant, or personal participation in the alleged discrimination. Moreover, individuals cannot be sued pursuant to the Rehabilitation Act or ADA. *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996). Furthermore, neither Defendant has been personally served with the summons and complaint. Thus, Defendants do not construe the Complaint as alleging individual capacity claims and are not responding in their individual capacities.

*Ctr.*, 502 F.3d 1056, 1060-61 (9th Cir. 2007). "Even where the 'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

BOP has an Administrative Remedy Program in place to allow an inmate to seek administrative review of issues relating to any aspect of confinement. BOP's administrative procedures for inmate grievances are codified at 28 C.F.R. § 542.10 *et seq.* The procedures require that an inmate first attempt informal resolution. If unable to resolve his complaint informally, an inmate must then submit a request to the Warden. 28 C.F.R. § 542.14. If dissatisfied with that response, the inmate must appeal his complaint to the appropriate Regional Director. If dissatisfied with the Regional Director's response, the inmate must appeal to the Director, National Inmate Appeals, Office of the General Counsel, Washington, D.C. 28 C.F.R. § 542.15(a).

Defendants do not dispute that Plaintiff utilized the BOP exhaustion procedure. The Director of National Inmate Appeals denied Plaintiff's appeal on December 16, 2010. *Docket # 47 exh. G.* However, the PLRA exhaustion requirement does not limit exhaustion to internal BOP remedies. An inmate is required to exhaust *all* administrative remedies that an agency makes available. *William G. v. Pataki,* No. 03-8331, 2005 WL 1949509 at * 4-5 (S.D.N.Y August 12, 2005).

3

The Department of Justice ("DOJ") has established an additional exhaustion requirement for complaints alleging disability discrimination. *See* 28 C.F.R. § 39.170(d). Pursuant to these procedures, an inmate asserting a claim of disability discrimination must file a complaint with DOJ's Office of Equal Employment Opportunity within 180 days of the final BOP administrative decision. 28 C.F.R. § 170(d)(3). Here, Plaintiff has failed to file an administrative complaint with DOJ pursuant to 28 C.F.R. § 39.170(d) within 180 days of December 16, 2010. *Exhs. A ¶¶ 3 - 6 and B ¶¶ 4 - 7.* Therefore, Plaintiff has failed to exhaust administrative remedies and the Complaint must be dismissed.

### B. The federal government has not waived sovereign immunity for claims brought pursuant to the ADA

Additionally, the Third Claim must be dismissed because the federal government has not waived sovereign immunity for claims brought pursuant to the ADA because it is excluded from the definition of an employer by 42 U.S.C. § 12111(5)(B)(i). *Cellular Phone Task Force v. Federal Communications Comm.*, 217 F.3d 72 (2nd Cir. 2000)(per curiam); *Whaley v. United States*, 82 F.Supp.2d 1060, 1061 (D. Neb. 2000).

Wherefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

        Respectfully submitted,

        JOHN F. WALSH
        United States Attorney


        s/William Pharo
        *William Pharo*
        Assistant United States Attorney
        1225 17th Street, Suite 700
        Denver, CO 80202
        Telephone: 303-454-0100
        FAX: 303-454-0404
        E-mail: william.pharo@usdoj.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)**

      I hereby certify that on November 2, 2011, I electronically filed the foregoing **DEFENDANTS' MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, and mailed the document to the following non-CM/ECF participant:

Joe Brown
#12046-030
Federal Correctional Institution
Inmate Mail
9595 West Quincy Avenue
Littleton, CO 80123

 

                                     *s/* Annette Dolce
                                       Office of the U.S. Attorney