IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00200-PAB-MEH

JOE BROWN,

    Plaintiff,

v.

JACK CANTRELL, Director of Unicor, and
HARLEY LAPPIN, Director of the Bureau of Prisons,

    Defendants.

## REPLY TO PLAINTIFF'S MOTION ASKING THE COURT NOT TO GRANT DEFENDANTS' MOTION TO DISMISS

Defendants, in their official capacities,[1] by undersigned counsel, submit the following in reply to "Plaintiff's Motion Asking the Court Not to Grant Defendants' Motion to Dismiss" ("Response") [Docket #54]:

Plaintiff is an inmate in the custody of the federal Bureau of Prisons ("BOP"). He attempts to assert claims pursuant to the Rehabilitation Act, 29 U.S.C. § 791 *et seq.,* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.,* against Harley Lappin, as Director of BOP, and Jack Cantrell, as Director of UNICOR at the Federal Correctional Institution in Englewood, Colorado. [Docket #47 §§ A ¶¶ 2 & 3 and B ¶ 2].

---

[1] Individual capacity claims cannot be brought for alleged violations of the Rehabilitation Act or ADA. *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996).

UNICOR is a statutorily created government corporation that is organizationally within BOP. 28 C.F.R. § 345.11. Official capacity suits are really suits against the federal government. *Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (a suit against a governmental agent or officer in his official capacity is a suit against the office that the employee holds and not against the actual employee); *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1232 (10th Cir. 2005). Therefore, Plaintiff's claims are really asserted against the Department of Justice ("DOJ") because BOP is part of DOJ.

### A. Plaintiff has failed to exhaust all available administrative remedies

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires an inmate to exhaust such administrative remedies as are available prior to filing a law suit in court. *United States v. Wilson*, 503 U.S. 329, 335-36 (1992); *Simmat*, 413 F.3d at 1236-37. BOP has an Administrative Remedy Program in place to allow an inmate to seek administrative review of issues relating to any aspect of confinement. 28 C.F.R. § 542.10 *et seq*. Defendants do not dispute that Plaintiff utilized the BOP exhaustion procedures. However, the PLRA requires an inmate to exhaust *all* administrative remedies that an agency makes available. *William G. v. Pataki,* No. 03-8331, 2005 WL 1949509 at * 4-5 (S.D.N.Y August 12, 2005).

DOJ has established an additional exhaustion requirement for complaints alleging disability discrimination. 28 C.F.R. § 39.170(d). Pursuant to these procedures, an inmate

2

asserting a claim of disability discrimination must file a complaint with DOJ's Office of Equal Employment Opportunity within 180 days of the final BOP administrative decision. 28 C.F.R. § 170(d)(3).  Here, Plaintiff did not file an administrative complaint with DOJ pursuant to 28 C.F.R. § 39.170(d).  [Docket #49, exhs. A ¶¶ 3 - 6 and B ¶¶ 4 - 7.].  Therefore, Plaintiff has failed to exhaust all available administrative remedies and the Complaint must be dismissed.  Plaintiff's Response fails to even address this argument.  Instead, Plaintiff simply argues that he exhausted administrative remedies because he utilized BOP's procedures.  However, Plaintiff's argument fails because he was required to exhaust all administrative remedies available including the DOJ administrative procedures.

### B. The federal government has not waived sovereign immunity for claims brought pursuant to the ADA

The Third Claim must also be dismissed because the federal government has not waived sovereign immunity for claims brought pursuant to the ADA.  The federal government is excluded from the definition of an employer by 42 U.S.C. § 12111(5)(B)(i).  *Cellular Phone Task Force v. Federal Communications Comm.*, 217 F.3d 72 (2nd Cir. 2000)(per curiam); *Whaley v. United States*, 82 F. Supp.2d 1060, 1061 (D. Neb. 2000).  Again, Plaintiff's Response fails to even address this point.

Wherefore, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

        Respectfully submitted,

        JOHN F. WALSH
        United States Attorney


        s/William Pharo
        *William Pharo*
        Assistant United States Attorney
        1225 17th Street, Suite 700
        Denver, CO 80202
        Telephone: 303-454-0100
        FAX: 303-454-0404
        E-mail: william.pharo@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on December 12, 2011, I electronically filed the foregoing **REPLY TO PLAINTIFF'S MOTION ASKING THE COURT NOT TO GRANT DEFENDANTS' MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, and mailed the document to the following non-CM/ECF participant:

Joe Brown
#12046-030
Federal Correctional Institution
Inmate Mail
9595 West Quincy Avenue
Littleton, CO 80123

                                                *s/* Annette Dolce
                                                Office of the U.S. Attorney