IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00200-PAB-MEH

JOE BROWN,

    Plaintiff,

v.

JACK CANTRELL, Director of UNICOR, and
HARLEY LAPPIN, Director of the Bureau of Prisons,

    Defendants.

_____

**ORDER**
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 65] which addresses defendants' motion to dismiss [Docket No. 49].  The Recommendation concludes, among other things, that plaintiff, who is a federal Bureau of Prisons ("BOP") inmate, failed to exhaust all available administrative remedies before bringing suit as required by the Prison Litigation Reform Act ("PLRA").  *See* 42 U.S.C. § 1997e(a).  More specifically, the magistrate judge agreed with defendants' argument that, in addition to exhausting BOP remedies, plaintiff was required to file a complaint with the Office of Equal Employment Opportunity of the United States Department of Justice ("DOJ") within 180 days of the final BOP administrative decision.  *See* 28 C.F.R. § 39.170(d)(3).  Defendants filed two declarations in support of their failure to exhaust argument, *see* Docket No. 49-1; Docket No. 49-2, and the Recommendation noted that plaintiff, in response, did not address whether he filed a complaint with the DOJ.  *See* Docket No.


65 at 14.

Plaintiff was under no obligation to plead exhaustion, *see Jones v. Bock*, 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."), and defendants supported their request for dismissal on this basis with outside evidence.  Therefore, the Court concludes that this aspect of defendants' motion to dismiss should be converted into a motion for summary judgment before the Court addresses the Recommendation and resolves defendants' motion. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").  The Court will afford plaintiff the opportunity to address whether he was required to file a complaint with the DOJ and to submit any additional evidence he believes relevant to the exhaustion issue.  *See id.* ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

For the foregoing reasons, it is

**ORDERED** that defendants' motion to dismiss [Docket No. 49], to the extent it seeks dismissal for failure to exhaust administrative remedies, is converted into a motion for summary judgment.  It is further

**ORDERED** that, on or before **Friday, August 31, 2012**, plaintiff may address whether defendants are entitled to summary judgment due to a failure by plaintiff to fully exhaust administrative remedies.

DATED August 9, 2012.

                              BY THE COURT:

                              s/Philip A. Brimmer
                              PHILIP A. BRIMMER
                              United States District Judge