IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00200-PAB-MEH

JOE BROWN,

    Plaintiff,

v.

JACK CANTRELL, Director of UNICOR, and
HARLEY LAPPIN, Director of the Bureau of Prisons,

    Defendants.

_____

**ORDER**
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 65] filed on February 9, 2012. The magistrate judge recommended the Court grant in part and deny in part defendants' motion to dismiss [Docket No. 49]. Defendants filed no objections to the Recommendation. Plaintiff filed untimely objections on March 6, 2012 [Docket No. 66]. The Court will nevertheless review the Recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3). In light of plaintiff's pro se status, the Court will review his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

    Prior to October 2008, plaintiff was incarcerated at Federal Correctional Institution ("FCI") Waseca, where he worked at the UNICOR Textiles Factory.[1] Plaintiff

---

[1] "UNICOR is a program through which inmates manufacture products pursuant to government contracts." *United States v. Allen,* 190 F.3d 1208, 1209 n.1 (11th Cir. 1999).

was then transferred to FCI Englewood, where he continued to work for UNICOR.  He was terminated from his prison employment on August 27, 2009.  Plaintiff alleges that he was terminated due to a disability affecting his right hand in violation of the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, *see* 29 U.S.C. § 701 *et seq.*  Plaintiff seeks money damages and reinstatement to his UNICOR position.

The magistrate judge correctly concluded that plaintiff's ADA claim must be dismissed.  To the extent plaintiff alleges employment discrimination in violation of Title I of the ADA, the United States is not an "employer" subject to the ADA.  See 42 U.S.C. § 12111(5)(B)(i).  As for any claim arising out of discrimination in the operation of a public program in violation of Title II of the ADA, the federal government is not included within the ADA's definition of "public entity."  *See* 42 U.S.C. § 12131(1).

Plaintiff also asserts claims against defendants pursuant to the Rehabilitation Act.  Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a).  Plaintiff may not proceed pursuant to Section 504 of the Rehabilitation Act against the defendants in their individual capacities.  *See Montez v. Romer*, 32 F. Supp. 2d 1235, 1240-41 (D. Colo. 1999).  And, to the extent plaintiff asserts a Section 504 claim for damages against defendants in their official capacities, the United States has not waived its sovereign immunity over such claims.  *See Lane v.*

*Pena*, 518 U.S. 187, 197 (1996).

As for plaintiff's Rehabilitation Act claim for injunctive relief, i.e., reinstatement to his job, against defendants in their official capacities, the Recommendation concluded that the claim must be dismissed for failure to exhaust administrative remedies. The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust available administrative remedies prior to filing a federal lawsuit regarding prison conditions. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The failure to do so is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Consequently, defendants bear the initial burden of coming forward with evidence showing their entitlement to summary judgment on this claim. *See Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).

In support of their failure to exhaust defense, defendants attached two declarations to their motion to dismiss. *See* Docket Nos. 49-1, 49-2. On August 9, 2012, the Court converted defendants' motion to dismiss, to the extent it sought dismissal for failure to exhaust administrative remedies, into a motion for summary judgment and granted plaintiff leave to address whether defendants are entitled to summary judgment due to a failure by plaintiff to fully exhaust administrative remedies. *See* Docket No. 73 at 2; *cf. Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005) ("[W]hen such a conversion occurs, the district court 'must provide the parties with notice so that all factual allegations may be met with countervailing evidence.'") (quoting

*Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005)). Plaintiff filed two documents in response. *See* Docket Nos. 75, 76.

"[P]risoners must 'complete the administrative review process in accordance with the applicable procedural rules.'" *Jones*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Here, the parties do not dispute that plaintiff exhausted the internal prison grievance procedures afforded to him. Defendants, however, point out that an additional administrative remedy specific to disability claims was available to him. Pursuant to 28 C.F.R. § 39.170, federal inmates may file a complaint with the Department of Justice ("DOJ") that includes "allegations of discrimination on the basis of handicap in programs or activities conducted by the agency." 28 C.F.R. § 39.170(a).

Upon filing such a complaint, the DOJ would have "delegated the authority and responsibility for processing Plaintiff's administrative claim/complaint to the Federal Bureau of Prisons ["BOP"] in accordance with 28 C.F.R. Part 39." Docket No. 49-1 (Cephas Decl.) at 3. Although the complaint would be directed to the same entity to which plaintiff submitted his administrative grievances, it would have been directed to the Supervisory Attorney for the Equal Employment Opportunity ("EEO") Office of the BOP. *See* Docket No. 49-2 at 3. The filing of a complaint initiates an investigation and empowers the Supervisory Attorney to attempt an informal resolution of the complaint.[2]

---

[2]*See* 28 C.F.R. § 39.170(g) ("(1) Within 180 days of the receipt of a complete complaint, the Official shall complete the investigation of the complaint, attempt informal resolution, and, if no informal resolution is achieved, issue a letter of findings. (2) The Official may require agency employees to cooperate in the investigation and attempted resolution of complaints. Employees who are required by the Official to participate in any investigation under this section shall do so as part of their official duties and during the course of regular duty hours.  (3) The Official shall furnish the complainant and the respondent a copy of the investigative report promptly after

If a complaint cannot be informally resolved, the Supervisory Attorney would then "notify the complainant and the respondent of the results of the investigation in a letter sent by certified mail, return receipt requested, containing – (1) Findings of fact and conclusions of law; (2) A description of a remedy for each violation found; (3) A notice of the right of the complainant and respondent to appeal to the Complaint Adjudication Officer; and (4) A notice of the right of the complainant and respondent to request a hearing." 28 C.F.R. § 39.170(h). The regulations further detail the hearing rights and the type of decision that can be entered by the Complaint Adjudication Officer. *See* 28 C.F.R. § 39.170(k) & (l).

Although plaintiff has filed a letter he apparently submitted to the BOP,[3] he does not dispute that he was unaware of that procedure and did not attempt to exhaust the remedies it afforded. While, by its own terms, this procedure is voluntary, *see* 28 C.F.R. § 39.170(d)(1)(i) (providing that "[a]ny person who believes that he or she has been subjected to discrimination prohibited by this part *may* . . . file a complaint" with the DOJ) (emphasis added), defendants argue, and the magistrate judge agreed, that the remedial procedure is "available" and, therefore, mandated for prisoners by PLRA. Courts have disagreed regarding whether the PLRA should be read to require inmates

---

receiving it from the investigator and provide the complainant and respondent with an opportunity for informal resolution of the complaint. (4) If a complaint is resolved informally, the terms of the agreement shall be reduced to writing and made part of the complaint file, with a copy of the agreement provided to the complainant and respondent. The written agreement may include a finding on the issue of discrimination and shall describe any corrective action to which the complainant and respondent have agreed.").

[3]Plaintiff has also supplied a letter he apparently sent to the Equal Employment Opportunity Commission. *See* Docket No. 47 at 39; Docket No. 75 at 18-20.

5

to file a complaint pursuant § 39.170 prior to initiating a federal lawsuit. *See, e.g.*, *Haley v. Haynes*, 2012 WL 112946, at *1 (S.D. Ga. Jan. 12, 2012) ("Requiring that an inmate seeking relief based on alleged violations of the ADA and [Rehabilitation Act] in correctional facilities file an administrative complaint with the Department of Justice is not a burden—it is only a procedural step which must occur before bringing a cause of action in federal court."); *William G. v. Pataki*, 2005 WL 1949509, at *4-6 (S.D.N.Y. Aug. 12, 2005); *Burgess v. Garvin*, 2003 WL 21983006, at *3 (S.D.N.Y. Aug. 19, 2003); *but see Veloz v. New York*, 339 F. Supp. 2d 505, 517-18 (S.D.N.Y. 2004) (disagreeing with the decisions in the Southern District of New York requiring prisoners to file a complaint with the DOJ and concluding that a federal inmate need not file a complaint with the DOJ in order to exhaust his disability claims); *see id.* at 518 ("Other courts [in the Southern District of New York] have agreed with the conclusion that prisoners need not exhaust with the DOJ, since Title II of the ADA does not require exhaustion prior to filing a federal suit.") (collecting cases).

The Court concludes that the PLRA's requirement that plaintiff exhaust all "available" remedies requires federal inmates alleging disability discrimination to take advantage of § 39.170, which is "available." Although certain courts have looked to the purpose of the PLRA and to the requirements imposed on non-prisoners asserting ADA claims in determining that the § 39.170 remedy need not be exhausted, *see, e.g.*, *Veloz v. New York*, 339 F. Supp. 2d 505, 517-18 (S.D.N.Y. 2004),[4] the Court finds that the

---

[4]One cited purpose of the PLRA is to give correctional officials the first opportunity to address a prisoner's complaint. *See Veloz*, 339 F. Supp. 2d at 518. As noted above, however, a complaint filed pursuant to § 39.170 is delegated to the relevant agency's "Responsible Official," here, the Supervisory Attorney in the BOP's

PLRA's clear textual mandate should control this issue. *See Burgess*, 2003 WL 21983006, at *3 ("The plain language of this statute requires the prisoner to exhaust 'such administrative remedies as are available.' It is not limited to administrative redress within the prison system in which the prisoner is being held, or to administrative remedies provided by any particular sovereign. Nor is there an exception for administrative remedies that are optional for non-prisoners."). And, while the remedial system may be largely unknown to federal prisoners, plaintiff has not submitted any persuasive evidence that either defendant in this case waived the affirmative defense or is somehow estopped from asserting it. Consequently, the Court will grant defendants summary judgment on plaintiff's Rehabilitation Act claim for injunctive relief against defendants in their official capacities.

The magistrate judge concluded that plaintiff alleged facts that "may support a claim brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)," Docket No. 65 at 16, and recommends that the Court grant plaintiff leave to amend his complaint to assert such a claim and name the proper defendants. Defendants did not file any objections and, in the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In regard to this aspect of the

---

EEO Office. Furthermore, the extensive procedures afforded by § 39.170 do appear to further another cited purpose of PLRA, namely, avoiding litigation. *See id.* at 518.

Recommendation, the Court has satisfied itself that there is "no clear error on the face of the record."[5] Fed. R. Civ .P. 72(b), Advisory Committee Notes. Plaintiff will be granted leave to "allege that [his] Fifth Amendment right to equal protection was violated and . . . to amend the pleading to assert, and name the proper defendants for, such claim." Docket No. 65 at 18.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 65] is ACCEPTED in part. It is further

**ORDERED** that defendants' motion to dismiss [Docket No. 49] is GRANTED in part and DENIED in part and, to the extent the Court converted the motion into a motion for summary judgment, is GRANTED. It is further

**ORDERED** that summary judgment shall enter in favor of defendants and against plaintiff on plaintiff's claim for injunctive relief pursuant to Section 504 of the Rehabilitation Act against defendants in their official capacities. It is further

**ORDERED** that all of the remaining claims in the operative complaint are DISMISSED. It is further

**ORDERED** that, within 30 days of entry of this order, plaintiff may file an amended complaint asserting an equal protection claim against the proper defendants.

---

[5]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

DATED September 14, 2012.

         BY THE COURT:

         s/Philip A. Brimmer
         PHILIP A. BRIMMER
         United States District Judge